**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ALLEN RAY LIVINGSTON,

Petitioner-Appellant,

v.

DAN REYNOLDS,

Respondent-Appellee.

No. 96-5047
(D.C. No. 94-C-910-K)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

Petitioner Allen Ray Livingston appeals the district court's dismissal of his

pro se habeas corpus petition under 28 U.S.C. § 2254.[1]  The district court denied

petitioner's request to proceed in the district court in forma pauperis and his

motion for a certificate of probable cause.  Petitioner now seeks a certificate of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore
ordered submitted without oral argument.

probable cause to appeal and permission to proceed in forma pauperis from this court. For the following reasons, we deny both requests.

Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996 (the Act) requires state petitioners to obtain certificates of appealability prior to seeking appellate review of final orders in habeas corpus proceedings. Pub. L. 104-132, 110 Stat. 1214 (codified at 28 U.S.C. § 2253). We have held that the Act's certificate of appealability requirement applies retroactively in § 2254 proceedings. Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997). Accordingly, we address whether petitioner is entitled to a certificate of appealability.

In 1972, petitioner was convicted by a jury of armed robbery and sentenced to twenty to one-hundred years' imprisonment. In 1979, petitioner was granted an appeal out of time, and his conviction was affirmed. In his first application for post-conviction relief, petitioner claimed that his sentence was excessive. This application was denied by the state appellate court, and petitioner did not appeal.

In 1993, petitioner filed a second state application for post-conviction relief, alleging ineffective assistance of trial counsel, ineffective assistance of appellate counsel, prosecutorial misconduct, and excessive punishment. This application also was denied, and affirmed on appeal. Petitioner then filed his petition for writ of habeas corpus in federal court asserting (1) prejudice from

-2-

appellate delay, (2) prejudicial admonition to the jury, (3) prejudicial admission of a confession, (4) prejudicial admission of evidence and statements of other crimes, (5) improper questioning of petitioner regarding prior convictions, (6) prejudicial communication with the jury by the bailiff, and (7) ineffective assistance of counsel.

The district court thoroughly addressed petitioner's claims and denied his petition. On appeal, petitioner did not submit an opening brief challenging the district court's order, but only restated his habeas corpus claims and referred this court to his brief in support of his petition in the district court.

A habeas corpus petitioner is entitled to a certificate of appealability only if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c). Construing petitioner's pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), we have reviewed the district court's order, petitioner's brief, and the appellate record, and conclude that, for the reasons stated in the district court's January 24, 1996 Order, petitioner has failed to make the requisite showing of the denial of a constitutional right. We DENY petitioner's request for a certificate of appealability and DISMISS his appeal. For this reason, and because petitioner has failed to present a rational argument on the law and facts in support of his claims on appeal, we DENY his motion for permission to proceed in forma pauperis. 28 U.S.C. § 1915(d).

The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge